E-FILED
Monday, 24 April, 2017 10:58:21 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

CHAMBERS OF
ERIC I. LONG
MAGISTRATE JUDGE

338 U.S. COURTHOUSE
201 S. VINE STREET
URBANA, ILLINOIS 61802
TELEPHONE 217-373-5839
FACSIMILE 217-373-5840
EMAIL long@ilcd.uscourts.gov

April 24, 2017

**RE: 15-2300, Weedon v. Zabor, et al.**
**Settlement Conference**

Dear Counsel:

I have issued an Order formally setting a settlement conference in this case for June 5, 2017, at 10:00 A.M. The Order requires that you do certain things in advance of the conference. I would also like you to consider the attached checklist. It will help you focus on the things that I think are important.

Also, it is important that you conduct meaningful settlement negotiations, including a demand by the Plaintiff(s) and an offer by the Defendant(s), prior to the settlement conference. If as a result of those negotiations you determine that the case cannot be settled, please notify me immediately. I do not want to compel you and your clients to engage in a hopeless exercise.

I look forward to seeing you on June 5, 2017, at 10:00 A.M.

Sincerely,

**s/Eric I. Long**

Eric I. Long
U.S. Magistrate Judge

Enclosure

ERIC I. LONG
U.S. MAGISTRATE JUDGE

# SETTLEMENT CONFERENCE PREPARATION

Experience shows that in negotiations the party who is best prepared usually obtains the best result. Settlement conferences can be held more efficiently if all parties and counsel are prepared. The following are some areas to consider in order to aid in the effectiveness of this settlement conference.

## A. FORMAT

1. Parties with ultimate settlement authority must be personally present.

2. The Court will use a mediation format, and private caucusing with each side; the Judge may address your client directly.

## B. ISSUES

1. What issues (in and outside of this lawsuit) need to be resolved? What are the strengths and weaknesses of each issue? What is your most persuasive argument?

2. What remedies are available resulting from this litigation or otherwise?

3. Is there any ancillary litigation pending/planned which affects case value?

4. Do you have enough information to value the case? If not, how are you going to get more information before the conference?

5. Do attorney fees or other expenses affect settlement? Have you communicated this to the other side?

## C. AUTHORITY

1. Are there outstanding liens? Have you verified amounts and whether they are negotiable? Do we need to include a

representative of the lien holder? If so, contact the Court immediately.

2. Is there valid insurance coverage? In what amount? If coverage is at issue, or the amount/type affects settlement value, have you notified the other side? Do we need to include the representative from more than one company/carrier? If so, notify the Court immediately.

## D. NEGOTIATIONS

1. Where have your last discussions ended? Are you sure?

2. Can you have any discussions before the settlement conference to make it proceed more efficiently?

3. What value do you want to start with? Why? Have you discussed this with your client?

4. What value do you want to end with? Why? Have you discussed this with your client? Is it significantly different from values you have placed on this case at other times?

5. Is there confidential information that affects case value? Why can't/won't/shouldn't it be disclosed? How can the other side be persuaded to change value if it doesn't have this information?

6. What happens if you don't settle the case at the conference? What is your best alternative to a negotiated settlement? Why?

## E. CLOSING

1. If settlement is reached, do you want it on the record?

2. Have you discussed settlement formats with your client? Does the client understand structured settlements, annuities, Rule 68 offers to compromise?

3. How soon could checks/closing documents be received?

4. If settlement is not reached, and further discovery is needed, what is your plan for continued settlement discussions? Do you want Court involvement in these talks?